# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRISCILLA PAGAN, | ) |
| | ) CIVIL ACTION NO.: _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SELECT MEDICAL CORPORATION and SELECT EMPLOYMENT SERVICES, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Priscilla Pagan, a resident of Cumberland County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendants, Select Medical Corporation and Select Employment Services, Inc., demands a trial by jury, and complains and alleges as follows:

## THE PARTIES

1. Plaintiff, Priscilla Pagan (hereinafter referred to as "Ms. Pagan" or "Plaintiff") is an adult Hispanic individual of Puerto Rican descent who currently resides at 51 South Franklin Street, Chambersburg, Franklin County, Pennsylvania.

2. Select Medical Corporation (hereinafter referred to as "Select Medical") is a Delaware corporation, with its headquarters located at 4714 Gettysburg Road, Mechanicsburg, Cumberland County, Pennsylvania.

3. Select Employment Services, Inc. (hereinafter referred to as "Select Employment," and collectively with Select Medical as "Defendants") is a Delaware corporation, with its headquarters located at 4714 Gettysburg Road, Mechanicsburg, Cumberland County, Pennsylvania.

4. At all times material hereto, Defendants maintained more than two-hundred (200) employees.

## JURISDICTION AND VENUE

5. This Complaint alleges illegal harassment and discrimination on the basis of Plaintiff's race and national origin, as well as retaliation, all in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq*. (hereinafter referred to as "Title VII"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq*. (hereinafter referred to as "the PHRA").

6. This Honorable Court has jurisdiction of this matter, case, and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1367 and 42 U.S.C. § 2000e-5(f).

7. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

9. On or about October 1, 2019, Ms. Pagan filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission (hereinafter "EEOC"), which was docketed as EEOC Charge 530-2019-06266, alleging race and national origin discrimination, as well as retaliation, with instructions for the EEOC to dual file with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

10. Ms. Pagan has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, which notice was received on December 18, 2020.

11. All necessary and appropriate administrative prerequisites pertaining to the EEOC and PHRC to the filing of this action have occurred and been satisfied.

## STATEMENT OF FACTS

12. In or around April 22, 2019, Ms. Pagan was hired by Defendants as a Patient Service Specialist at its location at 6301 Grayson Road, Harrisburg, Dauphin County, Pennsylvania.

13. During her tenure with Defendants, Ms. Pagan was the only Hispanic employee and the only person of Puerto Rican descent at the Grayson Road location.

14. Shortly after the start of her employment, Ms. Pagan was targeted by her co-worker, Lindsey Patel (hereinafter "Ms. Patel"), on the basis of her race and national origin. Among other things, Ms. Patel would regularly mock Ms. Pagan's accent, calling it "Ghetto" and would treat Ms. Pagan with considerable disrespect.

15. In addition, Ms. Patel regularly complained of non-Caucasian patients, like African Americans, Latinos, and Indians, and stated on at least one occasion that they are infectious and full of germs.

16. Ms. Patel also complained of "Spanish people" who "always come looking for help just because they speak Spanish and they expect you to feel sorry for them."

17. Ms. Patel would regularly get annoyed with Ms. Pagan if she helped Spanish-speaking patients translate documents.

18. Ultimately, on or about August 26, 2019, Ms. Pagan requested help from Lindsey with a patient question; Ms. Patel initially ignored Ms. Pagan, and then when their Manager, Jonathan Horn (hereinafter "Mr. Horn), intervened, Ms. Patel promptly began berating Ms. Pagan before leaving the office.

19. In response to Ms. Patel's outburst, Mr. Horn sent Ms. Pagan home.

20. Upon arriving home, Ms. Pagan made a call to Select Employment Services corporate office and complained that she had been discriminated against by Ms. Patel on the basis of her race and national origin.

21. Later that same day at approximately 6:00 p.m., Ms. Pagan received a phone call from Mr. Horn, who gave her an ultimatum - resign or be terminated for her "performance."

22. Ms. Pagan was terminated two (2) days later.

23. Ms. Pagan's termination was pretextual, and Defendants' true reason for terminating Ms. Pagan was to retaliate against her for her report of discrimination based upon her racial and national origin.

24. Defendants discriminated and retaliated against Ms. Pagan by denying her the same enjoyment of all benefits, privileges, terms, and conditions of the employment relationship, in violation of Section 1981, which prohibits discrimination and/or retaliation in contracting on the basis of race, and by treating her differently than Defendants' Caucasian employees, in violation of Title VII and the PHRA.

25. Defendants created, permitted, tolerated, encouraged, and fostered a racially discriminating, demeaning, degrading, and demoralizing environment, which hostile environment was ongoing and pervasive throughout Ms. Pagan's employment with Defendant.

26. As a consequence of the racially hostile environment supported and encouraged by Defendants' actions and omissions, Ms. Pagan was subjected to emotional distress, humiliation, ridicule, and a denial of all benefits, privileges, terms, and conditions of the contractual relationship between employer and employee, all of which manifested itself in mental and physical distress, injury, and damage.

27. As a result of the racially hostile environment and retaliation, Ms. Pagan has suffered emotional distress and a loss of self-respect and confidence, and her standing in the community has been damaged.

## COUNT I

### SECTION 1981 VIOLATIONS
### RACE DISCRIMINATION
### *Plaintiff v. All Defendants*

28. All prior paragraphs are incorporated herein as if set forth fully below.

29. At all times relevant herein, Ms. Pagan sought to engage in a contractual relationship with Defendants.

30. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to intentionally discriminate against Ms. Pagan on the basis of her Hispanic race, thereby denying Ms. Pagan the benefits of the contractual relationship she had entered into with Defendants.

31.     The actions of Defendants set forth above constitute violations of Plaintiff's Federal civil rights under Section 1981.

32.     As a result of this discrimination, Plaintiff has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Priscilla Pagan, seeks damages against Defendants, Select Medical Corporation and Select Employment Services, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### SECTION 1981 VIOLATIONS
### RETALIATION
### *Plaintiff v. All Defendants*

33.     All prior paragraphs are incorporated herein as if set forth fully below.

34.     At all times relevant herein, Plaintiff sought to engage in a contractual relationship with Defendants.

35.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to retaliate against Plaintiff by terminating her as a result of reporting discrimination based upon her Hispanic race, using the baseless pretext of poor performance, thereby denying Plaintiff the benefits of the contractual relationship she had entered into with Defendants.

36. The actions of Defendants set forth above constitute violations of Plaintiff's federal civil rights under Section 1981.

37. As a result of this retaliation, Plaintiff has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Priscilla Pagan, seeks damages against Defendants, Select Medical Corporation and Select Employment Services, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### TITLE VII VIOLATIONS
### RACE DISCRIMINATION
*Plaintiff v. All Defendants*

38. All prior paragraphs are incorporated herein as if set forth fully below.

39. Defendants created, permitted, tolerated, encouraged, and fostered a hostile, intimidating, demeaning, degrading, and demoralizing environment at the location where Plaintiff worked, all of which was based upon her Hispanic race, which hostile environment was ongoing and pervasive throughout Plaintiff's employment.

40. The acts of Defendants and its officers, agents, and employees manifesting and permitting this hostile environment included allowing Ms. Patel to

verbally harass Ms. Pagan on the basis of her Hispanic race, and continuing to allow this situation to occur despite her objections.

41. As a consequence of the hostile environment supported and encouraged by Defendants' actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

42. As a result of the hostile environment, Plaintiff has suffered, and continues to suffer, emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

43. The actions of Defendants set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Priscilla Pagan, seeks damages against Defendants, Select Medical Corporation and Select Employment Services, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT IV

**TITLE VII VIOLATIONS**
**NATIONAL ORIGIN DISCRIMINATION**
*Plaintiff v. All Defendants*

44. All prior paragraphs are incorporated herein as if set forth fully below.

45. Defendants created, permitted, tolerated, encouraged, and fostered a hostile, intimidating, demeaning, degrading, and demoralizing environment at the location where Plaintiff worked, all of which was based upon her Puerto Rican national origin, which hostile environment was ongoing and pervasive throughout Plaintiff's employment.

46. The acts of Defendants and its officers, agents, and employees manifesting and permitting this hostile environment included allowing Ms. Patel to verbally harass Ms. Pagan on the basis of her Puerto Rican national origin, and continuing to allow this situation to occur despite her objections.

47. As a consequence of the hostile environment supported and encouraged by Defendants' actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

48. As a result of the hostile environment, Plaintiff has suffered, and continues to suffer, emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

49. The actions of Defendants set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Priscilla Pagan, seeks damages against Defendants, Select Medical Corporation and Select Employment Services, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### COUNT V

### TITLE VII VIOLATIONS
### RETALIATION
*Plaintiff v. All Defendants*

50. All prior paragraphs are incorporated herein as if set forth fully below.

51. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, to retaliate against Plaintiff by terminating her as a result of reporting discrimination based upon her Hispanic race and Puerto Rican national origin, using the baseless pretext of poor performance, thereby denying Plaintiff the benefits of the contractual relationship she had entered into with Defendants.

52. The actions of Defendants set forth above constitute violations of Plaintiff's federal civil rights under Title VII.

53. As a result of this retaliation, Plaintiff has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Priscilla Pagan, seeks damages against Defendants, Select Medical Corporation and Select Employment Services, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### COUNT VI

**PHRA VIOLATIONS**
**RACE DISCRIMINATION**
*Plaintiff v. All Defendants*

54. All prior paragraphs are incorporated herein as if set forth fully below.

55. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count VI arises out of the same facts, events, and circumstances as Counts I through V, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

56. By subjecting Ms. Pagan to racial harassment, Defendants violated the provisions of the PHRA which prohibit harassment based upon race and national origin with respect to the continuation and tenure of employment.

57. By retaliating against Ms. Pagan, Defendants violated Section 955 of the PHRA which prohibits retaliation for reports of harassment based upon race with respect to the continuation and tenure of employment.

58. By failing to take any meaningful or effective action to curtail the racial discrimination and by retaliating against Plaintiff by wrongfully terminating her, Defendants violated the PHRA.

59. As more fully set forth in Counts I through V, Ms. Pagan was subjected to economic loss, emotional and physical distress, humiliation, and embarrassment by Defendants' race- and national origin- based harassment and retaliatory actions, all of which was manifested in mental and physical distress, injury, and damage.

60. As more fully set forth in Counts I through V, Ms. Pagan has suffered a loss of earnings, emotional distress and a loss of self-confidence, and has been subjected to great damage to her career and professional standing.

61. The actions of Defendants set forth above constitute violations of the PHRA.

**WHEREFORE**, Plaintiff, Priscilla Pagan, seeks damages against Defendants, Select Medical Corporation and Select Employment Services, Inc., jointly and severally, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Priscilla Pagan, prays that this Honorable Court enters judgment in her favor and against Defendants, Select Medical Corporation

and Select Employment Services, Inc., jointly and severally, and that it enters an Order as follows:

    a.    Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of her Hispanic race and Puerto Rican national origin and/or any basis prohibited under applicable federal and state law;

    b.    Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and/or national origin and are to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

    c.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first

suffered discrimination at the hands of Defendants until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendants' actions;

e. Punitive damages as provided for under 42 U.S.C. § 1981 and Title VII;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendants do not engage - or cease

  engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

          Respectfully submitted,

          **WEISBERG CUMMINGS, P.C.**

January 11, 2021     *s/ Steve T. Mahan*
 Date         Steve T. Mahan, Esquire
          PA Bar I.D. #: 313550
          smahan@weisbergcummings.com

          *s/ Derrek W. Cummings*
          Derrek W. Cummings, Esquire
          PA Bar I.D. #: 83286
          dcummings@wesibergcummings.com

          *s/ Larry A. Weisberg*
          Larry A. Weisberg, Esquire
          PA Bar I.D. #: 83410
          lweisberg@wesibergcummings.com

          2704 Commerce Drive, Suite B
          Harrisburg, PA 17110-9380
          (717) 238-5707
          (717) 233-8133 (Fax)

          *Counsel for Plaintiff*